924 F.2d 1057
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward N. CARLTON, Plaintiff-Appellant,
v.
Ronald HERSCHEL, Defendant-Appellee.
 No. 90-1511.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1991.
 
 E.D.Mich., No. 88-72367; Gadola, J.
 E.D.Mich.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Edward N. Carlton, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 1, 1985, Carlton arrived at the Westland Medical Center emergency room by ambulance for treatment of a gunshot wound. Defendant was the attending physician. On November 2, 1985, police officers informed Carlton that he was the prime suspect in a homicide. They requested permission to have the bullet lodged in Carlton's chest cavity removed for evidentiary purposes. Carlton refused. The police officers later procured a search warrant directing that the defendant or a hospital staff member remove the bullet. The defendant consulted with the hospital's attorney who informed him that he could be held in contempt of court if he did not obey the court order. Thereafter, surgery was performed, and the bullet was turned over to the police. Carlton was ultimately convicted of murder.
 
 
 3
 Seeking monetary relief, Carlton sued the defendant, a private physician, alleging that his constitutional rights were violated when the defendant removed the bullet without his consent. The defendant filed a motion to dismiss and Carlton responded. The magistrate construed defendant's motion as one for summary judgment and recommended that the motion be granted and the complaint be dismissed. Specifically, the magistrate found that the defendant was acting under color of law for Sec. 1983 purposes because there was a sufficiently close nexus between the physician's actions and the search warrant so that the act of removing the bullet could fairly be treated as state action. The magistrate also found however that defendant was entitled to either good faith or qualified immunity because he could rely on the advice of the hospital attorney and the command of the police who were acting pursuant to a facially valid search warrant.
 
 
 4
 Both parties filed objections to the magistrate's report. The district court disagreed with the magistrate's determination that defendant was acting under color of law and with the magistrate's finding that defendant was entitled to qualified immunity. Instead, the court found that the defendant's belief that the warrant was valid constituted a good faith defense as a matter of law. The court thus denied the remaining objections, adopted the magistrate's recommendation as modified and dismissed the suit.
 
 
 5
 On appeal, Carlton reasserts his claim, requests the appointment of counsel and additionally argues that defendant subjected him to cruel and unusual punishment by injecting him with a drug and removing the bullet without his consent.
 
 
 6
 Upon review, we shall affirm the district court's judgment. Defendant is entitled to assert a good faith defense based upon his belief that he was acting pursuant to a valid search warrant, and based upon the advice of the hospital attorney. See Duncan v. Peck, 844 F.2d 1261, 1268 (6th Cir.1988); Burris v. Mahaney, 716 F.Supp. 1051, 1063-64 (M.D.Tenn.1989). Defendant should not be held liable under Sec. 1983 for performing an act he thought he was compelled to do.
 
 
 7
 Finally, we do not consider Carlton's claim of cruel and unusual punishment because it was not first presented in the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's judgment affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.